

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

2015 OCT 26  PM 1: 15

DEPUTY CLERK _____

| | | |
|---|---|---|
| **COREY JOHNSON,**<br>*Plaintiff*<br><br>**v.**<br><br>**EQYINVEST OWNER I, LTD.,<br>LLP; EQYINVEST OWNER I GP,<br>LLC; and STARBUCKS<br>CORPORATION d/b/a<br>STARBUCKS COFFEE<br>COMPANY**<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No.:**<br><br>**Complaint for Accommodation<br>Discrimination Under the A.D.A.**<br><br>**JURY TRIAL**<br><br>**3-15 C V - 3 4 6 3 C** |

## ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

1.    Plaintiff Corey Johnson is an individual with a disability.  Plaintiff brings this action

pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*

and the TEX. HUM. RES. CODE § 121.001 *et seq.*  This Complaint seeks redress for past and

continuing discrimination against persons with disabilities and to bring the premises into

compliance with the ADAAG[1].  This discrimination is occurring at the shopping plaza at 2191 E.

Buckingham Road in Dallas County, Texas (the "Center")

2.    Plaintiff seeks to enjoin the Defendants from maintaining and to require that the

Defendants remove the architectural barriers that interfere with Plaintiff's right to the full and

equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of

the Defendants at this Center.

---

[1] Federal ADA Guidelines for Buildings and Facilities, 28 C.F.R. Part 36, Appendix A, (the "ADAAG").



3.      Plaintiff also seeks a permanent injunction to prevent the Defendants from engaging in these unlawful practices, as well as declaratory relief and attorney's fees and costs of litigation.

## JURISDICTION

4.      This Court has jurisdiction over the federal claims brought in this action under 28 U.S.C. §1331 and 42 U.S.C. §12188 and supplemental jurisdiction over any state claims pertaining to this discrimination under 28 U.S.C. §1367.

## PARTIES

5.      Plaintiff **Corey Johnson** is an individual with a disability within the meaning of the ADA Sec. 3(2)(A), 42 U.S.C. 12102(2)(A), and a "Person with a disability" as defined by TEX. HUM. RES. CODE § 121.002(4).  He uses a wheelchair for mobility.

6.      Defendant **EQYInvest Owner I, Ltd., LLP** is a Texas corporation doing business in Texas.  Defendant EQYInvest Owner I, Ltd., LLP owns the real property where the Center is located in this case.  Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company is the Registered Agent and may be served at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

7.      Defendant **EQYInvest Owner I GP, LLC** is the General Partner of EQYInvest Owner I, Ltd., LLP, and this Defendant is a Delaware Limited Liability Company doing business in Texas.  Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company is the Registered Agent and may be served at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

8.      Defendant **Starbucks Corporation d/b/a Starbucks Coffee Company** is a Washington corporation doing business in Texas.  Corporation Service Company d/b/a CSC - Lawyers

Incorporating Service Company is the Registered Agent and may be served at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

9.      EQYInvest Owner I, Ltd., LLP and EQYInvest Owner I GP, LLC are herein referred to as the "Landlords". Starbuck Corporation operates a Starbucks Coffee Company at the Center located at 2191 E. Buckingham Road in Dallas County, Texas. Starbucks Corporation d/b/a Starbucks Coffee Company is herein referred to as the "Tenant". Defendants refers to both the Landlords and the Tenant. The Landlords presumably "lease to" the tenants who then own or operate the businesses within the Center. The Tenant is jointly and severally responsible for the access into their premises under the ADA. The Center has its own parking and is generally located at 2191 E. Buckingham Road in Richardson, Texas and more particularly described in Dallas County records as REMINGTON CENTER, LT 5, ACS 0.487. The real property is referred to as the Center and has a value in excess of $386,000.

## BACKGROUND

9.   More than 20 years ago Congress determined that disabled people, such as the Plaintiff, were being discriminated against by businesses, such as the Center. Specifically Congress found *inter alia* the following:

(a)   **some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;**

(b)   **historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;**

(c)     discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(d)     unlike individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age, individuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination;

(e)     individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities; 42 S.C. 12101(a).

10.     As a result of these findings the Congress passed the Americans with Disabilities Act (the "ADA"), 42 U.S.C. Sec. 12101 *et seq*.  That act forms the basis for this action.  The ADA was designed to do several things, specifically among other things:

(a)     to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(b)     to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; 42 U.S.C. 12101(b).

11.     As a result of Mr. Johnson's disability, using many public accommodations is already difficult.  The Defendants, by failing to comply with the law, continue the discriminatory effects that the law sought to reform.  Under the law, both the landlord who owns the building and the tenants who own or operate the places of public accommodation are liable for the violations of the ADA alleged herein.  As between those parties, allocation of responsibility for complying

with the obligations of the ADA may be determined by lease or other contract.  36 C.F.R. 201 (b).

## PRE-SUIT NOTICE WAS PROVIDED

12.     Congress provided that the primary enforcement mechanism for the ADA would be private citizens.  Private citizens have been given the right to file suit to enforce this civil rights law to assure access to the public accommodations in the United States.   The Center is completely under the control of the Defendants.  Therefore the existence of the barriers is the responsibility of the Defendants in this case.  The Plaintiff has no control of the Center or the fact that he is disabled.  The existence and requirements of the ADA are well known and should come as no surprise to any entity operating a business or owning commercial property.

13.     No pre-suit notice is required under the statute.  However, counsel for the Plaintiff did provide such notice.  A letter was sent to Starbucks.  The letter provided Starbucks with general notice of the issues involved and an opportunity for the Defendants to have their legal counsel call Plaintiff's counsel to try and resolve this matter without the need for a formal lawsuit in order to save costs and expenses.  Starbucks chose instead to have a paralegal send an email requesting more time.  Plaintiff granted it.  Yet even after granting it, Starbucks never bothered to have it legal counsel get in touch with the Plaintiff's counsel nor did it follow up to resolve the legal issues in this case.  It has now been more than 2 months.   Mr. Johnson is now exercising his right, granted by Congress, to file suit.

## FACTS

14.     Mr. Johnson uses a wheelchair for mobility.  Mr. Johnson lives in Dallas, Texas and has been to the Center.

15.     The Center is a small "strip center". The Center has its own parking. There are several businesses located on the same property. The Center has several key architectural barriers. Some of the accessible parking provided is too sloped and is not accessible. Next the curb cut from the parking is also not accessible. Next, the access to the sidewalk from the Center is not accessible. The types of architectural barriers that exist at the Center are precisely what the ADA was designed to eliminate.

16.     This is not a complete list of the barriers at the Center. A complete list will be provided to the Defendants after discovery is conducted. Further, investigation shows that the Texas Department of Licensing and Regulation has a violation pending against the property. This listing of architectural barriers is merely intended to provide the Defendants with information sufficient to conform to the notice pleading requirements. The Center has not been brought into compliance with the requirements of the ADA over the last 25 years. It is and has been readily achievable for at least one of the Defendants to have removed at least one or more of the architectural barriers that exist at the Center.

17.     Upon each visit Mr. Johnson will encounter some of the above listed architectural barriers at the Center. Despite those barriers he would like to use the Center as best as he can.

18.     The barriers located at the Center discriminate against him with regards to using the goods, services, facilities, privileges, advantages, and accommodations located at the Center as required by the law.

19.     As a result of the Defendants' conduct and in order to pursue this matter Plaintiff retained counsel with 25 years of experience, including having been appointed class counsel on several occasions to represent mobility impaired individuals of Texas. The Plaintiff has agreed

to pay his attorney a reasonable fee. Pursuant to his statutory rights, Mr. Johnson will seek to recover his fees and any costs in this litigation from the Defendants if he is the prevailing party in this case.

## CAUSES OF ACTION

### Count 1
### ADA - Failure to Accommodate When Removal was Readily Achievable

20.    The law requires that "[n] o individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation *by any person who owns, leases (or leases to), or operates a place of public accommodation"*. 42 U.S.C. §12182(a) (italics added).

21.    A facility means all *or any portion of buildings*, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property, including the site where the building, property, structure, or equipment is located. 28 C.F.R. part 36.104 Definitions (italics added).

22.    The Center is a public accommodation.

23.    The ADA places an ongoing obligation on all public accommodations to remove architectural barriers from existing facilities and public accommodations if that removal is readily achievable.

> Readily achievable means easily accomplishable and able to be carried out without much difficulty or expense. In determining whether an action is readily achievable factors to be considered include --
>
> (1)    The nature and cost of the action needed under this part;

(2)   The overall financial resources of the site or sites involved in the action; the number of persons employed at the site; the effect on expenses and resources; legitimate safety requirements that are necessary for safe operation, including crime prevention measures; or the impact otherwise of the action upon the operation of the site;

28 C.F.R. part 36.104 Definitions

24.   There are architectural barriers at the Center.   The Defendants, like the owners or operators of all public accommodations, have known or should have known about the obligation to remove barriers at the Center.   It has been readily achievable for the Landlord to have removed one, or more of the architectural barriers that exist at the Center.   It has been readily achievable for the Tenant to have removed one, or more of the architectural barriers that exist at the Center.   The Defendants have failed to remove one, or more of the architectural barriers at the Center that were readily achievable to remove.

25.   The Justice Department has set out the priorities for barrier removal.   Specifically, the Justice Department has determined as follows:

(c)   Priorities. A public accommodation is urged to take measures to comply with the barrier removal requirements of this section in accordance with the following order of priorities.

(1)   First, a public accommodation should take measures to provide access to a place of public accommodation from public sidewalks, parking, or public transportation. These measures include, for example, installing an entrance ramp, widening entrances, and providing accessible parking spaces.

28 C.F.R. part 36.304(c) (emphasis added)

26.   The barriers that exist at the Center include non-compliant accessible parking, no accessible route from the marked accessible parking through the front door and no accessible route from the sidewalk to the front door of the businesses at the Center.   More than 25 years

after this law went into effect this Center is operating with the exact  same types of  barriers that would have had existed before the law was passed and which the law was intended to remove. The Defendants have failed to remove the barriers that are the most basic priority in order to provide access to the facility.

27.     The Defendants discriminate against Plaintiff on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations at the Center in that the Defendants do not afford to Plaintiff or any other mobility impaired individual the full and equal use and or enjoyment of or access to the goods, services, facilities, privileges, advantages, and accommodations available at the Center as required by law because the Defendants have failed to remove those barriers where the removal was readily achievable.

28.     As a direct and proximate result of the Defendants' denial of appropriate and dignified access into and use of the Center, the Defendants deprive the Plaintiff of his civil liberties and thereby discriminate against him.

## Count 2
## ADA - Improper Alterations

29.     36 C.F.R. 406 provides that, "(a) New construction and alterations subject to this part shall comply with the standards for accessible design published as appendix A to this part (ADAAG)." (emphasis added) As such the law requires that alterations be built in compliance with the ADAAG new construction standards.

> (a)     General.
>
> > (1)     Any alteration to a place of public accommodation or a commercial facility, after January 26, 1992, shall be made

so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.

(2)    An alteration is deemed to be undertaken after January 26, 1992, if the physical alteration of the property begins after that date.

(b)    Alteration. For the purposes of this part, an alteration is a change to a place of public accommodation or a commercial facility that affects or could affect the usability of the building or facility or any part thereof.

28 C.F.R. 36.402

30.    Some of the barriers at the Center "affect or could affect the usability of the building or facility or any part thereof." Some of the barriers, upon information and belief, may have been modified after the date of construction and after the date for "modifications" under the ADA. Upon information and belief the following are asserted. The accessible route from the parking to the front door was modified. The entrance to the Starbucks was modified improperly. The accessible route to the sidewalk was modified. Until discovery is conducted, the Plaintiff cannot know exactly when any possible modifications were completed. When modifications affecting the usability of the Center are designed and constructed after the requirements of the ADA went into effect those modifications must comply with the ADAAG for new construction.

31.    The Defendants discriminate against Plaintiff on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations at the Center in that, the Defendants do not afford to Plaintiff or any other mobility impaired individual the full and equal use and or enjoyment of or access to the goods, services, facilities, privileges, advantages, and accommodations available at the Center as required by law because

they have failed to ensure that the alterations or modifications made after January 26, 1992 are accessible to the maximum extent feasible.

32.     As a direct and proximate result of the Defendants' denial of appropriate and dignified access into and use of the Center, the Defendants have deprived Plaintiff of his civil liberties and thereby discriminated against him.

### Count 3
### TEX. HUM. RES. CODE – Discrimination

33.     TEX. HUM. RES. CODE § 121.003(a) provides that persons who are physically disabled have the same right as the able-bodied to the full use and enjoyment of any public facility in the state.

34.     TEX. GOVT. CODE § 469.003 (Vernon 2003) defines one set of public facilities covered by the law, specifically, "a privately funded building or facility defined as a "public accommodation" by Section 301(7) of the Americans with Disabilities Act of 1990 (42 U.S.C. Section 12181), and its subsequent amendments, that is constructed or renovated, modified, or altered on or after January 1, 1992" (emphasis added). The Center is covered under this definition as previously set out in this Complaint.

35.     The State of Texas, Texas Accessibility Standards (the "TAS") of the Architectural Barriers Act, Article 9102, Texas Civil Statutes, are similar to and closely track the ADAAG. The TAS clearly sets out certain requirements for public accommodations such as the Center with regards to design requirements.

36.    Complying with the TAS is a requirement of Chapter 469 of the Government Code. Violation of TAS is therefore a violation of Chapter 469.  A violation of Chapter 469 is a violation of § 121.003(d)(1) of the TEX. HUM. RES. CODE because § 121.003 (d)(1) specifically states that a failure to comply with Article 9102, Texas Civil Statutes is a form of discrimination in Texas. Therefore violation of the TAS requirements is a violation of § 121.003 of the TEX. HUM. RES. CODE.  Article 9102 was simply codified into Chapter 469 of the Government Code in 2003.

37.    The architectural barriers previously set out in the "Facts" portion of this Complaint regarding the access at the Center may be violations of the TAS requirements as well as the ADAAG.

38.    Any public facility that violates the provisions of Section 121.003 is deemed to have deprived a person with a disability of his or her civil liberties. The person with a disability deprived of his or her civil liberties may maintain a cause of action for damages in a court of competent jurisdiction, and *there is a conclusive presumption of damages in the amount of no less than $100*.  TEX. HUM. RES. CODE § 121.004(b). (Italics added.)

39.    As a direct and proximate result of the Defendants' violation of Texas law and their denial of appropriate and dignified access into and use of the Center, the Defendants deprived Mr. Johnson of his civil liberties.  Mr. Johnson suffered inconvenience and the stigma of discrimination as a result.

## *REQUEST FOR RELIEF*

*Wherefore* Plaintiff respectfully requests that the Court grant the following relief:

40.     An order directing the Defendants to make modifications to the Center to bring it into compliance with State and Federal law.

41.     An order directing the Defendants to stop discriminating against Mr. Johnson now and in the future.

42.     An award to Plaintiffs for his attorney's fees, including litigation expenses, and costs.

43.     Entry of money judgment against the Defendants, awarding Mr. Johnson damages for the violation of his civil rights under Texas state law in the statutory minimum amount of $100.00 for each violation of his civil rights under state law.

44.     An award to Plaintiff for all other relief legal and equitable which the Court deems just and proper.


Respectfully submitted October 23, 2015 by,


Mr. Palmer D. Bailey
**Attorney-in-Charge**
Bar Card No. 01533400
Law Office of Palmer Bailey
16633 Dallas Parkway, Ste. 600
Addison, TX 75001
Tel.  972.588.1863
Fax. 972.588.1801
pdbaileyesq@gmail.com

**Attorney for Plaintiff**


*Plaintiff demands a trial by jury.*

JS 44  (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
COREY JOHNSON

## DEFENDANTS
EQYINVEST OWNER I, LTD., LLP, EQYINVEST OWNER I GP, LLC, and STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY

(b) County of Residence of First Listed Plaintiff   Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

RECEIVED
RAN
OCT 2 6 2015
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Palmer D. Bailey, Law Office of Palmer D. Bailey
16633 Dallas Parkway, Ste. 600, Addison, Texas
972.588.1863

Attorneys *(If Known)*

## 3-15 CV-3463C

## II. BASIS OF JURISDICTION   *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES   *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excl. Veterans) | ☐ 345 Marine Product | Liability | | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | | ☐ 710 Fair Labor Standards | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | | Act | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | | ☐ 740 Railway Labor Act | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | | ☐ 751 Family and Medical | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | | Leave Act | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | | ☐ 790 Other Labor Litigation | Act |
| | Med. Malpractice | | | ☐ 791 Empl. Ret. Inc. | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | Security Act | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate | | | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | Sentence | | **FEDERAL TAX SUITS** | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☒ 443 Housing/ | ☐ 530 General | | or Defendant) | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | 26 USC 7609 | |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | |
| | Other | ☐ 560 Civil Detainee - | (Prisoner Petition) | | |
| | ☐ 448 Education | Conditions of | ☐ 465 Other Immigration | | |
| | | Confinement | Actions | | |

## V. ORIGIN   *(Place an "X" in One Box Only)*

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
*(specify)*

☐ 6  Multidistrict
Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 12011 et seq
Brief description of cause:
Complaint for discrimination under the ADA for accommodations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
*(See instructions):*
JUDGE                                         DOCKET NUMBER

DATE
10/23/2015

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #              AMOUNT              APPLYING IFP              JUDGE              MAG. JUDGE